UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>c/o U.S. Department of Justice<br>P.O. Box 227, Ben Franklin Station<br>Washington, D.C. 20044<br><br>        Plaintiff<br><br>  v.<br><br>PAUL D. STRAIN, HEIDI E. STRAIN, and<br>STRAIN LLC<br>1412 S Street NW<br>Washington, DC 20009<br><br>        Defendants. | Case No.<br><br>District Judge<br>Magistrate Judge |

## COMPLAINT

The Plaintiff United States of America, at the request and with the authorization of a delegate of the Secretary of the Treasury and at the direction of the Attorney General, brings this civil action to enjoin the Defendants Paul Strain, Heidi Strain, and Strain LLC from further violating and interfering with the administration of the internal revenue laws by continuing to pay wages to employees without paying the associated federal employment taxes.

For its complaint, the United States alleges as follows:

### Jurisdiction and Parties

1. Jurisdiction over this action is conferred upon the district court by 28 U.S.C. §§ 1331, 1340, and 1345 as well as 26 U.S.C. § 7402(a).

2. Venue is proper under 28 U.S.C. §§ 1391(b) and 1396 because the Defendant Strain LLC maintains its principal place of business in this judicial district, the Defendants Paul Strain

and Heidi Strain reside in this judicial district, and a substantial portion of the events giving rise to this action occurred within this judicial district.

3. The Defendant Strain LLC, EIN XX-XXX6540, is a law firm located in the District of Columbia, with a practice focused on intellectual property matters.

4. The Defendant Paul Strain, SSN XXX-XX-0256, is an attorney and a managing member of Strain LLC.

5. The Defendant Paul Strain resides in the District of Columbia.

6. The Defendant Heidi Strain, SSN XXX-XX-9620, is an attorney and a managing member of Strain LLC.

7. The Defendant Heidi Strain resides in the District of Columbia.

8. The Defendants Paul Strain and Heidi Strain are husband and wife.

## Facts

9. Since 2011, Strain LLC has had employees to whom it pays wages. As an employer, Strain LLC is subject to the employment tax provisions of the Internal Revenue Code, which impose legal obligations upon employers that include the following:

    a. withhold from each employee's wages an estimated amount to cover the employee's liability for federal income tax and an amount to cover the employee's portion of the tax due under the Federal Insurance Contributions Act (FICA). *See, e.g.,* 26 U.S.C. §§ 3102, 3402.

    b. promptly pay over to the Internal Revenue Service the amounts withheld from employee wages, along with the employer's portion of the tax due under FICA (hereinafter referred to collectively as "employment taxes"). *See, e.g.,* 26 U.S.C. §§ 3403, 6672, 7501.

  c. make periodic deposits of its employment taxes in an appropriate federal depository bank in accordance with the federal deposit regulations. *See, e.g.,* 26 U.S.C. § 6302, 26 C.F.R. § 31.6302-1

  d. timely report its employment taxes to the IRS by filing a Form 941, entitled "Employer's Quarterly Federal Tax Return" on a quarterly basis. *See, e.g.,* 26 U.S.C. §§ 6011, 6071, 26 C.F.R. §§ 31.6011(a)-1, 31.6011(a)-4, 31.6701(a)-1.

10. For various periods from the quarter ending June 30, 2016, to the quarter ending September 30, 2022, the Defendants have failed to comply with their employment tax obligations, resulting in a delinquent employment-tax liability for Strain LLC in the amount of $346,339.33 as of November 9, 2022, which can be itemized as follows:

| Quarter Ending | Assessment Date | Assessed Tax | Assessed Penalties[1] | Balance |
|---|---|---|---|---|
| 06-30-16 | 03-05-18 | $50,961.79 | $21,432.19 | $17,758.09 |
| 09-30-16 | 03-05-18 | $52,272.73 | $21,431.81 | $93,861.60 |
| 12-31-16 | 03-05-18 | $41,669.43 | $15,463.71 | $16,936.06 |
| 03-31-17 | 03-05-18 | $42,020.59 | $14,677.25 | $18,768.60 |
| 09-30-17 | 03-05-18 | $70,600.00 | $3,749.73 | $13,433.37 |
| 03-31-18 | 9-10-18 | $52,950.00 | $12,419.61 | $68,332.33 |
| 06-30-18 | 10-08-18 | $53,640.59 | $8,582.48 | $83,806.82 |
| 09-30-18 | 11-05-18 | $47,685.71 | $3,243.68 | $3840.08 |
| 12-31-18 | 02-04-19 | $28,084.16 | $412.61 | $554.87 |
| 03-31-19 | 09-16-19 | $70,600.00 | $3,815.98 | $7871.59 |
| 06-30-19 | 03-02-20 | $15,561.77 | $5,446.62 | $6376.99 |
| 09-30-19 | 03-02-20 | $20,829.20 | $4,088.87 | $4566.55 |
| 12-31-19 | 03-16-20 | $36,875.99 | $2,450.25 | $2914.39 |

---

[1] The penalties are for failure to timely file Form 941, 26 U.S.C. § 6651(a)(1), and for failure to make timely federal tax deposits, 26 U.S.C. § 6656.

| Quarter Ending | Assessment Date | Assessed Tax | Assessed Penalties[1] | Balance |
|---|---|---|---|---|
| 06-30-20 | 08-24-20 | $32,018.21 | $2,399.21 | $2590.70 |
| 09-30-20 | 11-16-20 | $20,815.50 | $1,513.90 | $1680.76 |
| 12-31-20 | 03-01-21 | $20,691.86 | $671.87 | $781.00 |
| 03-31-21 | 05-24-21 | $28,445.48 | $682.59 | $786.58 |
| 03-31-22 | 05-23-22 | $24,354.96 | $873.29 | $957.00 |
| 09-30-22 | 10-31-22 | $12,074.96 | $521.18 | $521.95 |
| | | | Total | $346,339.33 |

11. The Defendants have been engaged in an activity known as "pyramiding," where a business repeatedly withholds taxes from its employees' wages but fails to remit those taxes to the IRS as mandated by law, resulting in an ever-increasing, unpaid, employment-tax liability.

12. Since August 2017, the IRS has attempted to bring Strain LLC into compliance with its employment tax obligations and to collect past-due tax liabilities from the company. These efforts have included the following:

    a. An IRS Revenue Officer speaking with Paul Strain and Heidi Strain on multiple occasions, by telephone and in person, directly and through representatives, about bringing Strain LLC into compliance with its employment tax obligations.

    b. Recording Notices of Federal Tax Lien with the Recorder of Deeds for Washington, DC, against Strain LLC on multiple dates, including March 28, 2018; November 15, 2018; December 28, 2018; March 15, 2019; October 28, 2019; February 3, 2021; and March 26, 2021.

    c. On April 1, 2019, assessing trust-fund-recovery penalties, 26 U.S.C. § 6672, against Paul Strain and Heidi Strain for the quarterly periods ending on September 30, 2016, March 31, 2018, and June 30, 2018. These assessments made Mr. and Mrs.

Strain personally liable for the portion of Strain LLC's employment-tax liability for these three quarters that stems from amounts withheld from employee wages.

  d. Issuing multiple third-party summonses to secure financial information that Paul and Heidi Strain did not provide.

  e. Engaging in collection-due-process hearings with Strain LLC.

  f. Issuing multiple levies on Strain LLC bank accounts and accounts receivable in 2018, 2019, and 2020.

  g. Issuing levies on Paul Strain and Heidi Strain's personal bank accounts in 2019.

  h. Searching for assets belonging to Strain LLC, Paul Strain, or Heidi Strain that could be seized and sold to pay Mr. and Mrs. Strain's trust-fund-recovery penalties, 26 U.S.C. § 6672, and Strain LLC's employment tax liabilities.

  i. On December 8, 2020, sending by certified mail IRS Letter 903 and Notice 931 to Strain LLC, which placed the company on notice that continuing noncompliance with its employment-tax obligations under the Internal Revenue Code may prompt a lawsuit against it seeking a civil injunction.

13. The foregoing levies collected nominal amounts. The foregoing search for collectable assets did not uncover any assets with enough value to justify a seizure by levy or a lawsuit seeking a judicial sale.

14. Despite the Service's collection and compliance efforts, Strain LLC continues to incur employment liabilities with each passing quarter, and it has failed to demonstrate a willingness to comply with its employment-tax obligations under the Internal Revenue Code. There is no evidence that Strain LLC, Paul Strain, or Heidi Strain will make the necessary effort

to bring Strain LLC into compliance with its employment tax obligations absent a court order compelling them to do so.

**Injunction pursuant to 26 U.S.C. § 7402(a)**

15. The United States incorporates by reference the allegations in above paragraphs 1-14 as if fully set forth herein.

16. The United States seeks an injunction against Strain LLC, Paul Strain, and Heidi Strain pursuant to 26 U.S.C. § 7402(a), which authorizes this Court to issue orders of injunction "as may be necessary or appropriate for the enforcement of the internal revenue laws." The remedies available to the United States under that statute "are in addition to and not exclusive of any and all other remedies." 26 U.S.C. § 7402(a).

17. An injunction by this Court ordering Strain LLC, Paul Strain, and Heidi Strain to comply with Strain LLC's federal tax obligations is necessary and appropriate for enforcement of the internal revenue laws and to prevent continued violations of those laws.

18. Strain LLC, Paul Strain, and Heidi Strain have substantially interfered with (and continue to interfere with) the internal revenue laws, by failing to make employment tax deposits in full on a timely basis and failing to file employment tax returns on a timely basis.

19. The United States has suffered and continues to suffer irreparable harm as a result of Strain LLC, Paul Strain, and Heidi Strain's interference with federal tax administration and violation of federal tax statutes, including but not limited to the following:

- loss of the employer, Strain LLC's, portion of the tax due under FICA;
- loss of the Strain employee's portion of the tax due under FICA, for which the Strain employees have received credit from the Social Security Administration;

- loss of the estimated income tax withheld from Strain employee wages, for which these employees have received credit from the Internal Revenue Service; and

- the drain on IRS resources resulting from its continuing efforts to bring Strain LLC, Paul Strain, and Heidi Strain into compliance with their employment tax obligations.

20. An injunction, backed by the threat of coercive judicial sanctions for noncompliance, will compel the Defendants to comply with the tax laws by timely filing Strain LLC's 941 returns and timely paying Strain LLC's employment taxes in full. An injunction will not injure Strain LLC, Paul Strain, and Heidi Strain because it merely compels Strain LLC to conduct its business like every other tax-paying employer in the United States.

21. An injunction will serve the public good. The federal tax system relies upon employers to collect and remit to the United States the federal employment taxes they owe. The Defendants' failure to make employment tax deposits and to pay over employment taxes undermines this system of tax collection. By using the unpaid taxes for their own purposes, Defendants are exacting an involuntary subsidy from United States taxpayers and are also giving their business an unfair advantage over their law-abiding competitors who comply with their federal tax obligations.

22. Despite repeated attempts over many years, the IRS has been unable to stop the Defendants Strain LLC, Paul Strain, and Heidi Strain from pyramiding employment tax liabilities. Based on asset searches conducted by the Service, a money judgment for the Defendants' existing employment tax liabilities would be largely uncollectable, as a practical matter. Moreover, a money judgment does not prohibit the Defendants from accruing new employment-tax liabilities.

Consequently, an injunction is appropriate in this instance because the United States lacks an adequate remedy at law to prevent continued pyramiding of employment taxes by the Defendants.

WHEREFORE, the United States respectfully requests a judgment as follows:

A. Finding that Strain LLC, Paul Strain, and Heidi Strain have engaged in (and are engaging in) conduct that interferes with the enforcement of the internal revenue laws.

B. Finding that injunctive relief under 26 U.S.C. § 7402(a) and the Court's inherent equity powers is necessary and appropriate to prevent Strain LLC, Paul Strain, and Heidi Strain from interfering with the enforcement of the internal revenue laws.

C. Containing an injunction, pursuant to 26 U.S.C. § 7402(a), Fed. R. Civ. P. 65, and the Court's inherent equity powers, requiring the following:

1. Strain LLC, Paul Strain, and Heidi Strain shall cause Strain LLC, and any other employer entity that they control, to withhold from each employee's paycheck an appropriate amount for each employee's income tax and each employee's liability for FICA tax.

2. Strain LLC, Paul Strain, and Heidi Strain shall cause Strain LLC, and any other employer entity that they control, to timely deposit withheld employee taxes and employer FICA taxes in an appropriate federal depository bank in accordance with federal deposit regulations.

3. Paul Strain and Heidi Strain shall sign and deliver to a designated IRS revenue officer, or to such specific location as the IRS may deem appropriate, on the first day of each month, an affidavit stating that the required employment taxes were fully and timely deposited for each pay period during the prior month.

4. Strain LLC, Paul Strain, and Heidi Strain shall cause Strain LLC, and any other employer entity that they control, to timely file Form 941 employment tax returns that come due after the date of the injunction and provide a copy of each filed return to a designated IRS revenue officer in such manner as the IRS deems appropriate, within five days of filing.

5. Strain LLC, Paul Strain, and Heidi Strain shall cause Strain LLC, and any other employer entity that they control, to timely pay all required outstanding liabilities due on each return required to be filed under the Court's injunction order.

6. Strain LLC, Paul Strain, and Heidi Strain are enjoined from paying other creditors of Strain LLC or from transferring, disbursing, or assigning any money, property, or assets of Strain LLC after the date of the injunction order until after such time as the required deposits described in paragraphs C-1 and C-2, and any liabilities described in paragraph C-5, have been paid in full, for any tax period ending after the injunction is issued.

7. Strain LLC, Paul Strain, and Heidi Strain are enjoined from assigning and/or transferring money or property to any other entity to have that entity pay the salaries or wages of Strain LLC employees, except for a payroll services provider approved in advance by counsel for the United States.

8. Strain LLC, Paul Strain, and Heidi Strain shall permit a representative from the Internal Revenue Service to inspect Strain LLC's books and records periodically, with at least two business days notice before each inspection.

9. For the five-year period beginning on the date the injunction is entered, Paul Strain and Heidi Strain shall notify, in writing, such revenue officer as the IRS designates,

if Paul or Heidi Strain comes to form, incorporate, own, or work in a managerial capacity for another business entity, within five business days of such event. Regardless of such notification, the preceding subparagraphs of this paragraph C shall apply to any employer entity controlled by Paul or Heidi Strain.

D. Requiring Strain LLC, Paul Strain, and Heidi Strain to deliver to all of their current employees a copy of the Court's findings and judgment in this action, within 30 days after entry of the judgment.

E. Retaining jurisdiction over this case to ensure compliance with this injunction, including authorizing the United States to take post-judgment discovery to ensure compliance.

F. Directing that if Strain LLC, Paul Strain, or Heidi Strain violates any term of this injunction, then counsel for the United States shall send the Defendants written notice of the violation, and the Defendants shall have 10 days after notification is sent to cure the violation:

    1. A "cure" for the violation includes making a late tax deposit and all accruals on such tax; paying delinquent tax shown on a return and all accruals on such tax; filing a delinquent tax return; and providing a delinquent notification to the designated IRS revenue officer.

    2. If counsel for the United States has sent Defendants three separate written notifications for three separate violations, then counsel for the United States shall no longer be obligated to send written notification of a violation.

    3. If any violation is not cured within ten days of notification or if, after the third notification followed by cures, the United States becomes aware of a new violation by Strain LLC, Paul Strain, or Heidi Strain, then the United States shall be entitled to file with this Court a motion for an Order to Show Cause why Strain LLC, Paul Strain, or Heidi

Strain should not be held in contempt of this injunction and why Strain LLC should not be ordered to cease doing business immediately and why Paul Strain, or Heidi Strain should not be permanently enjoined from forming, incorporating, or owning another or a successor business entity and from working for any business in any capacity that includes any responsibility for withholding, accounting for, or paying over employment taxes or for filing employment tax returns.

H.  Granting the United States such other and further relief as the Court deems just and proper, including costs and attorney fees.

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General
Tuesday, December 6, 2022       U.S. Department of Justice, Tax Division

*Of Counsel:*

/s/ L. Steven Schifano

MATTHEW M. GRAVES
United States Attorney

L. Steven Schifano
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, D.C. 20044
(202) 307-6575 Phone
(202) 514-6866 Fax
L.Steven.Schifano@usdoj.gov
Wisconsin Bar # 1019644
Counsel for the United States